Matter of Nadine C. v Keith S. (2023 NY Slip Op 00389)

Matter of Nadine C. v Keith S.

2023 NY Slip Op 00389

Decided on January 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 31, 2023

Before: Renwick, J.P., Webber, Singh, Rodriguez, Higgitt, JJ. 

Docket No. O-06638/20 Appeal No. 17197 Case No. 2021-03912 

[*1]In the Matter of Nadine C., Petitioner-Respondent,
v
Keith S., Respondent-Appellant.

Leslie S. Lowenstein, Woodmere, for appellant.
Jay A. Maller, New York, for respondent.

Order of fact-finding and disposition (one paper), Family Court, New York County (Jessica I. Bourbon, J.), entered on or about September 23, 2021, insofar as it determined, after a hearing, that respondent committed the family offenses of harassment in the second degree, aggravated harassment in the second degree, criminal obstruction of breathing or circulation, and menacing in the second degree, and entered a one-year order of protection directing him to stay away from petitioner, unanimously affirmed, without costs.
A fair preponderance of the evidence supports Family Court's finding that respondent committed the offenses of harassment in the second degree, aggravated harassment in the second degree, menacing in the second degree, and criminal obstruction of breathing or circulation (see Family Ct Act § 832). The finding of harassment in the second degree is supported by petitioner's testimony that on three occasions over the course of more than two years, from February 2018 until July 2020, respondent grabbed her by the neck, choked her, and threatened to kill her (Penal Law § 240.26[1]; see People v Hernandez, 123 AD3d 615, 616 [1st Dept 2014], lv denied 25 NY3d 1165 [2015]). The court's finding is further supported by petitioner's testimony that during that same period, respondent repeatedly spat in her face, threatened to kill her, and choked her; this testimony shows that respondent engaged in a course of conduct that served no legitimate purpose and was undertaken with the intent of seriously annoying or alarming petitioner (Penal Law § 240.26[3]; see Matter of Anthony B. v Judy M., 167 AD3d 476, 476 [1st Dept 2018]).
As to the family offense of criminal obstruction of breathing or blood circulation, Family Court's finding is supported by petitioner's testimony that in July 2020, respondent told her that he wanted to kill her, then grabbed her by neck and choked her until she could not breathe (Penal Law § 121.11[a]; see Matter of Rosa N. v Luis F., 166 AD3d 451, 452 [1st Dept 2018]). Moreover, petitioner testified that during the same incident, she injured her right hand trying to stop respondent from strangling her after he pushed her against a wall, and the record contains a photograph showing that injury. This evidence supports the finding that respondent committed the family offense of aggravated harassment in the second degree (Penal Law § 240.30[4]; see Matter of Heather E. v Christopher F., 189 AD3d 1937, 1938 [3d Dept 2020]).
Petitioner also testified that in May 2020, respondent showed her a gun, loaded the weapon, and threatened to "blow her brains out." Petitioner's testimony about this incident supports the finding that respondent committed the family offense of menacing in the second degree (Penal Law § 120.15).
Family Court's credibility determinations are supported by the record, and there is no basis to disturb them (see Matter of Lisa S. v William V., 95 AD3d 666, 666 [1st Dept 2012]). We find no basis for respondent's [*2]assertion that petitioner's testimony failed to provide specific details about the incidents and thus could not establish a family offense. Further, in light of the facts, the issuance of the one-year order of protection directing respondent to stay away from petitioner, her home, and her employment was appropriate (see Matter of Doris M. v Yarenis P., 161 AD3d 502, 503 [1st Dept 2018]).
Although respondent cursorily states in his brief that he purports to appeal Family Court's denial of his family offense petition against petitioner, the notice of appeal is limited to the finding that he committed family offenses and the grant of a one-year order of protection to petitioner; the notice of appeal does not encompass the denial of his petition (see Family Ct Act § 1115; CPLR 5515[1]). In any event, respondent offers no arguments as to how Family Court supposedly erred.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 31, 2023