| **Naughton v Extell Dev. Co.** |
|:---:|
| 2026 NY Slip Op 30704(U) |
| February 25, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 161062/2019 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. DAVID B. COHEN** | **PART** | **58** |
| | *Justice* | | |

-----------------------------------------------------------------------------X

DENNIS NAUGHTON, ELEANOR NAUGHTON,

                           Plaintiffs,

                 - v -

EXTELL DEVELOPMENT COMPANY, LEND LEASE (US) CONSTRUCTION LMB, INC., SMITELL LLC, SMITELL RETAIL, LLC, SAFWAY ATLANTIC, LLC

                           Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 161062/2019 |
| **MOTION DATE** | 12/27/2024, 01/02/2025 |
| **MOTION SEQ. NO.** | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 91, 92, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110

were read on this motion to/for            SUMMARY JUDGMENT (AFTER JOINDER) .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 111, 112, 113, 114, 115, 116

were read on this motion to/for               JUDGMENT - SUMMARY .

Plaintiffs move, pursuant to CPLR 3212, for partial summary judgment on liability against defendants Extell Development Company (Extell), Smitell LLC, Smitell Retail LLC (collectively, the owner defendants), Lend Lease (US) Construction LMB, Inc. (Lend Lease), and Safway Atlantic, LLC (Safway), on their claims under Labor Law §§ 240(1) and 241(6) (Motion Seq. 002).

Defendants oppose, and in turn, move, pursuant to CPLR 3212, for summary judgment dismissing the complaint in its entirety, including plaintiffs' claims for common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6) (Motion Seq. 003). Plaintiffs oppose defendants' motion.

**161062/2019 NAUGHTON, DENNIS vs. EXTELL DEVELOPMENT COMPANY**
Motion No. 002 003

**Page 1 of 13**

[* 1]

I.    UNDISPUTED FACTS

On October 28, 2019, plaintiff was employed as a foreman by nonparty Permasteelisa at the Central Park Tower construction project located at 217 West 57th Street, New York, New York (the premises) (NYSCEF 76; NYSCEF 108).  Extell was the owner of the premises and retained defendant Lend Lease as construction manager for the project (NYSCEF 66; NYSCEF 76).  Safway was retained in connection with the installation and maintenance of the construction hoists at the site, including hoist H2 (NYSCEF 67; NYSCEF 76).

On the date of the incident, plaintiff was riding inside a construction hoist while transporting materials when a ladder located inside the hoist fell and struck him on the head (NYSCEF 57).  The ladder was present in the hoist to provide access to the hoist roof or hatch (NYSCEF 65; NYSCEF 67).  plaintiff was wearing a hard hat at the time of the incident (NYSCEF 57).

After the incident, plaintiff complained of head and neck pain and reported the accident to site personnel (NYSCEF 65; NYSCEF 63).  He did not supervise, inspect, or maintain the hoist or ladder, and received all of his work direction from his Permasteelisa supervisor (NYSCEF 76).

*The Accident and Contemporaneous Accounts*

Contemporaneous records and witness statements prepared shortly after the accident uniformly describe a ladder inside the hoist that became loose or dislodged and fell forward while the hoist was in motion, striking plaintiff on the head.

In a statement taken on December 4, 2019, Scott Montegari, the hoist operator who was inside hoist H2 at the time of the incident, described a ladder positioned at the back of the hoist car to access the hatch at the top of the car (NYSCEF 65).  Montegari stated that the ladder was

**161062/2019   NAUGHTON, DENNIS vs. EXTELL DEVELOPMENT COMPANY**                    **Page 2 of 13**
  **Motion No.  002 003**

2 of 13

[* 2]

restrained by a short piece of "kindorf" steel bolted to the hoist, which ran between two rungs to prevent the ladder from falling forward, but that the ladder was not otherwise secured (*id*.). He stated that while the hoist was traveling downward, the ladder fell forward and struck both him and plaintiff on their hard hats, after which plaintiff complained of neck pain (*id.*).

John Mooney, Permasteelisa shop steward, stated in a December 11, 2019 interview that plaintiff and the hoist operator reported they had been struck in the head by the ladder inside the hoist (NYSCEF 65). Mooney accompanied plaintiff to medical treatment, during which plaintiff complained of head and neck pain and appeared lightheaded (*id.*).

Incident reports prepared on the date of the accident are consistent with these accounts. A Workers' Compensation Board report states that plaintiff was riding in a hoist when a tall metal ladder dislodged and fell on his head, causing a concussion and neck pain (NYSCEF 63). A Lend Lease incident investigation report states that "the Safway ladder for the hoist loosen[ed] falling on his head" (NYSCEF 62). A Permasteelisa incident report likewise states that the ladder became loose and fell while the hoist was traveling downward, identifies a "loose ladder in hoist car" as a hazardous condition, and notes that Safway was notified (NYSCEF 64).

*Plaintiff's EBTs (NYSCEF 57, 58)*

Plaintiff testified that he was facing the front of the hoist at the time of the accident and did not see the ladder before it struck him. He testified that the first time he became aware of the ladder was when it impacted his head. Plaintiff did not know how the ladder had been secured and did not investigate the ladder or hoist after the accident.

Plaintiff stated that after the ladder struck him, he experienced neck pain and dizziness, and that he reported the incident to Mooney and was directed to complete an accident report.

[* 3]

*Defendants' Subsequent Submissions*

In support of their motion, defendants submitted affirmations dated December 2024 from the hoist operator, Montegari (NYSCEF 101), Safway corporate safety director Edward Curtis (NYSCEF 103), Lend Lease site safety manager Edwin Garcia (NYSCEF 102), and an engineering expert, Shawn Rothstein, P.E. (NYSCEF 106).

In his December 2024 affirmation, Montegari stated that immediately prior to the accident, the ladder inside hoist H2 was positioned vertically with its feet on the hoist floor and was secured to the hoist gate with a threaded rod, which he described as the customary method of securing the hatch ladder in that hoist (NYSCEF 101). He stated that suddenly and without warning the ladder tipped over and fell forward tapping him on the shoulder and plaintiff on his hard hat.

Garcia stated that after the accident, he entered the hoist car and observed the ladder screwed to the gate with a threaded rod and confirmed that it was properly secured (NYSCEF 102).

Curtis stated that Safway owned and installed the ladders used to access hoist hatches and that such ladders were typically installed in a secure manner when the hoist cars were turned over for use; however, he stated that he did not have access to hoist H2 after it was turned over for use and did not observe the ladder involved in plaintiff's accident (NYSCEF 103).

Rothstein opined, based on his review of the record and a post-accident inspection, that the ladder was positioned vertically, secured to the hoist gate with a threaded rod, and did not fall from an elevated height but merely tipped forward a short distance (NYSCEF 106).

161062/2019   NAUGHTON, DENNIS vs. EXTELL DEVELOPMENT COMPANY
Page 4 of 13
Motion No.  002 003

4 of 13

[* 4]

A.    Motion Seq. 002 — Plaintiffs' Motion for Partial Summary Judgment

*Summary Judgment Standard*

A party moving for summary judgment "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr*., 64 NY2d 851, 853 [1985]).  The motion must be supported by evidence in admissible form (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), and by the pleadings and other proof such as affidavits, depositions and written admissions (*see* CPLR 3212 [b]).  The movant's "failure to make a prima facie showing of entitlement to summary judgment requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013], *citing Vega v Restani Constr. Corp*., 18 NY3d 499, 503 [2012]).

Once a defendant meets its prima facie burden on summary judgment, the opposing party must produce admissible evidence showing the existence of a triable factual issue or provide an adequate excuse for failing to do so, and a hearsay attorney affirmation is insufficient for that purpose *(Zuckerman,* 49 NY2d at 560).

*1.    Labor Law § 240 (1)*

*Party Contentions*

Plaintiffs move for summary judgment, arguing that plaintiff was injured when a ladder stored inside a construction hoist dislodged and fell due to the force of gravity, striking him in the head.  They argue that the ladder was an object that required securing, that it fell from an elevated position inside the hoist, and that defendants failed to provide proper protection against this gravity-related risk, establishing a violation of Labor Law § 240(1).

**161062/2019   NAUGHTON, DENNIS vs. EXTELL DEVELOPMENT COMPANY**
**Motion No.  002 003**

**Page 5 of 13**

5 of 13

Defendants oppose, arguing that Labor Law § 240(1) is inapplicable because the ladder was standing vertically on the hoist floor, was properly secured to the hoist gate, and merely tipped a de minimis distance without falling from a height or involving a physically significant elevation differential, such that the accident did not present a gravity-related hazard within the scope of the statute.

In reply, plaintiffs oppose, reiterating previous arguments and arguing that defendants' "de minimis distance" argument misstates the governing legal standard by omitting the section 240 (1) strict liability standard.

Labor Law § 240(1) imposes a nondelegable duty upon owners and contractors to provide safety devices that give proper protection to workers exposed to elevation-related risks, and it imposes absolute liability where a violation of the statute is a proximate cause of the injury (*see Saint v Syracuse Supply Co.*, 25 NY3d 117, 124 [2015]; *Ross v Curtis–Palmer Hydro–Elec. Co.*, 81 NY2d 494, 501 [1993]). To establish entitlement to summary judgment, a plaintiff must demonstrate that the statute applies, that a safety device enumerated in the statute was inadequate or absent, and that the failure of the device was a proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]).

Construction hoists are expressly enumerated safety devices within the meaning of Labor Law § 240(1), and ladders used to access a hoist hatch are integral components of such devices that must be properly secured in order to afford protection against elevation-related risks (*see Tisselin v Mem. Hosp. for Cancer & Allied Diseases*, 212 AD3d 570 [1st Dept 2023]; *Ladd v New York City Tr. Auth.*, 193 AD3d 526 [1st Dept 2021]). Here, it is undisputed that plaintiff was riding inside a construction hoist at the time of the accident and that the ladder involved was stored inside the hoist for the purpose of accessing the hatch.

161062/2019   NAUGHTON, DENNIS vs. EXTELL DEVELOPMENT COMPANY                    Page 6 of 13
  Motion No.  002 003

[* 6]                                                          6 of 13

A plaintiff asserting a falling-object claim under Labor Law § 240(1) must show that the object that fell was being hoisted or secured, or required securing for the purposes of the undertaking, and that the injury was the direct consequence of the absence or inadequacy of a safety device designed to protect against a gravity-related hazard (*see Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d 658, 662–663 [2014]; *Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009]).

Here, the record establishes that the ladder stored inside the hoist required securing for the purposes of the undertaking and fell due to the force of gravity while plaintiff was riding in the hoist. Contemporaneous incident reports prepared by plaintiff's employer and by Lend Lease reflect that a ladder inside the hoist loosened or dislodged and fell, striking plaintiff on the head. Those contemporaneous records are consistent with statements given shortly after the accident by Mooney and Montegari, who described a ladder positioned at the back of the hoist that was restrained only by a short piece of kindorf steel, was not otherwise secured, and fell forward while the hoist was traveling downward, striking plaintiff.

These facts closely parallel those in *Tisselin v Memorial Hosp. for Cancer & Allied Diseases* (219 AD3d 1202 [1st Dept 2023]), where the First Department held that a plaintiff riding in a hoist was entitled to summary judgment under Labor Law § 240(1) when a ladder mounted inside the hoist detached and fell on him, reasoning that the hoist was an enumerated safety device and that the ladder was an essential component that was inadequately secured. As in *Tisselin*, the hoist here was inadequate for its purpose of protecting plaintiff from elevation-related risks, and the failure to properly secure the ladder was a proximate cause of the accident. Accordingly, plaintiffs have established a prima facie entitlement to judgment as a matter of law on their Labor Law § 240(1) claim.

In opposition, defendants rely primarily on the expert affirmation of Rothstein, and on the affirmations of Montegari, Curtis, and Garcia to argue that the accident involved only a de minimis tip-over of a ladder standing on the same level as plaintiff and therefore fell outside the scope of Labor Law § 240(1). This showing is insufficient to defeat summary judgment.

Rothstein's opinion rests on factual assumptions that are disputed in the record, including that the ladder was standing vertically on the hoist floor and was properly secured to the hoist gate immediately prior to the accident. Those assumptions differ from the descriptions contained in contemporaneous incident reports and by the December 4, 2019 statement of Montegari, which describe the ladder as restrained only by a short piece of kindorf steel and not otherwise secured. An expert affidavit premised on disputed or contradicted facts is insufficient to raise a triable issue of fact (*see e.g. Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]).

Moreover, Rothstein's opinion that the accident involved only minimal force and a de minimis height differential reframes the governing legal standard. The relevant inquiry is not the precise distance the object traveled, or the amount of kinetic energy generated, but whether the injury was the direct consequence of a failure to provide adequate protection against a gravity-related risk (*see Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009]; *Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 10 [2011]). The record establishes that the ladder fell forward due to gravity and struck plaintiff on the head while he was riding in the hoist, presenting precisely the type of elevation-related hazard contemplated by the statute.

To the extent Rothstein relies on the later affirmations of Montegari, Curtis, and Garcia, those submissions do not raise triable issues of fact or undermine plaintiffs' prima facia showing. Curtis and Garcia did not witness the accident and based their statements on general practices or

161062/2019   NAUGHTON, DENNIS vs. EXTELL DEVELOPMENT COMPANY
Motion No.  002 003

Page 8 of 13

8 of 13

[* 8]

post-accident observations, and Montegari's later affirmation differs from his statement taken shortly after the accident. Such submissions are insufficient to defeat summary judgment.

Because the construction hoist and hatch ladder constitute safety devices within the scope of Labor Law § 240(1), and because the failure to properly secure the ladder was a proximate cause of plaintiff's injuries, plaintiffs are entitled to partial summary judgment on liability under Labor Law § 240(1) as against Extell, Lend Lease, and Safway. In light of this determination, the issue of defendants' liability under Labor Law § 241 (6) is academic (*see e.g. Pimentel v DE Frgt. LLC*, 205 AD3d 591, 593 [1st Dept 2022]).

B.      Motion Seq. 003 — Defendants' Motion for Summary Judgment

Defendants move, pursuant to CPLR 3212, for summary judgment dismissing the complaint in its entirety. As set forth above, plaintiffs have established their entitlement to partial summary judgment on liability under Labor Law § 240(1), and that branch of defendants' motion seeking dismissal of the Labor Law § 240(1) claim is therefore denied. In light of that determination, defendants' motion seeking dismissal of the Labor Law § 241(6) claim is academic.

Accordingly, the only remaining issues on defendants' motion concern plaintiffs' claims under Labor Law § 200 and for common-law negligence.

*1.      Labor Law § 200*

As to Labor Law § 200 and common-law negligence, defendants contend that the accident arose from the means and methods of the work and that they did not supervise or control plaintiff's work. They further argue that they neither created nor had actual or constructive notice of any dangerous condition that allegedly caused the accident.

Plaintiffs oppose, arguing that the accident arose from a dangerous condition at the worksite, namely, the presence of an inadequately-secured ladder inside the hoist, and that defendants are liable because they created or had notice of that condition. They further argue that defendants exercised site-wide safety authority sufficient to support liability.

Labor Law § 200 codifies the common-law duty of an owner or general contractor to provide construction site workers with a safe place to work (*Cappabianca v Skanska USA Bldg. Inc*., 99 AD3d 139, 143 [1st Dept 2012]). Claims under Labor Law § 200 and for common-law negligence arise either from an alleged dangerous or defective condition on the premises or from the manner in which the work was performed (*id.* at 144).

Here, plaintiff's injuries arose from an allegedly dangerous condition at the worksite — namely, a ladder stored inside a construction hoist that dislodged and fell while the hoist was in operation — rather than from the manner in which plaintiff performed his work. The ladder was an integral component of the hoist and was not being used or manipulated by plaintiff at the time of the accident. Accordingly, liability under Labor Law § 200 and common-law negligence may be imposed only upon a showing that a defendant created the condition or had actual or constructive notice of it (*see Dirschneider v Rolex Realty Co. LLC*, 157 AD3d 538, 539 [1st Dept 2018]; *Canning v Barneys N.Y*., 289 AD2d 32, 33 [1st Dept 2001]).

### *Extell and Lend Lease*

Defendants Extell and Lend Lease established their prima facie entitlement to summary judgment dismissing the Labor Law § 200 and common-law negligence claims. The record demonstrates that neither Extell nor Lend Lease placed, maintained, secured, or controlled the ladder inside the hoist, and neither directed nor supervised plaintiff's work. Kirk stated that Extell did not place, maintain, or control any hoist car ladders and did not receive any notice or

**161062/2019  NAUGHTON, DENNIS vs. EXTELL DEVELOPMENT COMPANY**
**Motion No.  002 003**

Page 10 of 13

10 of 13

complaint concerning any defective condition prior to the accident.  Garcia similarly stated that

Lend Lease did not place, maintain, or control the ladder, did not supervise plaintiff's work, and

had never received any notice or complaint concerning any dangerous or defective condition

involving hoist car ladders.

Plaintiffs failed to raise a triable issue of fact as to whether Extell or Lend Lease created

the alleged condition or had actual or constructive notice of it.  Accordingly, the Labor Law §

200 and common-law negligence claims are dismissed as against Extell and Lend Lease.

*Safway*

Safway Atlantic established its prima facie entitlement to summary judgment dismissing

the Labor Law § 200 claim, as it is neither an owner nor a general contractor and therefore

cannot be liable under that statute (*Tisselin*, 221 AD3d at 572).

However, it failed to establish its prima facie entitlement to summary judgment

dismissing the common-law negligence claim.  The record reflects that Safway furnished,

installed, and maintained the construction hoists and the ladders used to access the hoist hatch.

Under these circumstances, triable issues of fact exist as to whether it negligently installed or

failed to properly secure the ladder that fell and struck plaintiff.  Accordingly, Safway's motion

is granted to the extent it seeks dismissal of the Labor Law § 200 claim and otherwise denied as

to the common-law negligence claim.

**161062/2019   NAUGHTON, DENNIS vs. EXTELL DEVELOPMENT COMPANY**          **Page 11 of 13**
  **Motion No.  002 003**

11 of 13

II.     CONCLUSION

Accordingly, it is

ORDERED that plaintiffs' motion for partial summary judgment on liability under Labor Law § 240(1) (Motion Seq. 002) is granted; and it is further

ORDERED that the branch of plaintiffs' motion seeking summary judgment on their Labor Law § 241(6) claim is denied as academic; and it is further

ORDERED that defendants' motion for summary judgment dismissing the Labor Law § 240(1) claim (Motion Seq. 003) is denied; and it is further

ORDERED that the branch of defendants' motion seeking dismissal of the Labor Law § 241(6) claim is denied as academic; and it is further

ORDERED that the branch of defendants' motion seeking summary judgment dismissing the Labor Law § 200 and common-law negligence claims is granted as against defendants Extell Development Company and Lend Lease (US) Construction LMB, Inc., and those claims are severed and dismissed as against said defendants, and the Clerk is directed to enter judgment accordingly; and it is further

ORDERED that the branch of defendants' motion seeking summary judgment dismissing the Labor Law § 200 claim is granted as against defendant Safway Atlantic, LLC; and it is further

ORDERED that the branch of defendants' motion seeking summary judgment dismissing the common-law negligence claim is denied as against defendant Safway Atlantic, LLC; and it is further

**161062/2019   NAUGHTON, DENNIS vs. EXTELL DEVELOPMENT COMPANY**
**Motion No.  002 003**

**Page 12 of 13**

12 of 13

ORDERED that parties are directed to appear for the previously scheduled settlement conference on March 9, 2026, at 80 Centre Street, Room 106, New York, New York, 10013, at 10:00 a.m.

2026022514475100C0HENA446526B8810470387438DA7EF01500

**2/25/2026**
**DATE**

**DAVID B. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161062/2019   NAUGHTON, DENNIS vs. EXTELL DEVELOPMENT COMPANY**
**Motion No.  002 003**

[* 13]